**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| PHL VARIABLE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 12-314-RGA |
| | ) | |
| THE CHONG SON PAK LIFE INSURANCE | ) | |
| TRUST, by and through its trustee, | ) | |
| WILMINGTON SAVINGS FUND SOCIETY, | ) | |
| FSB, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S ANSWERING BRIEF IN**
**OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER**

ASHBY & GEDDES
Richard D. Heins (I.D. #3000)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
rheins@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*PHL Variable Insurance Company*

*Of Counsel*:

Thomas F.A. Hetherington
Jarrett E. Ganer
EDISON, McDOWELL & HETHERINGTON LLP
Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
(713) 337-5580

Dated:  August 14, 2012

{00660248;v1 }

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................................... ii

I.  NATURE AND STAGE OF THE PROCEEDINGS ......................................... 1

II.  SUMMARY OF ARGUMENT ......................................................................... 2

III.  STATEMENT OF FACTS ................................................................................ 3

    A.  STOLI Policies ..................................................................................... 3

    B.  The Pak Trust ........................................................................................ 4

    C.  The California Lawsuit .......................................................................... 5

IV.  ARGUMENT ................................................................................................... 5

    A.  Because this Case was Properly First-Filed in this Court, and Because the Pak Trust Improperly Filed a Subsequent Suit in California in an Effort to Forum Shop, the Case Must Remain in this Court. ......................................... 5

    B.  The Pak Trust's Claims in the California Action are Compulsory Counterclaims which Must be Asserted Here. ............................................................... 8

    C.  Notwithstanding that this First-Filed Case Must Proceed Here, Transfer to California would be Inconvenient and would Undermine the Interests in Judicial Economy. ............................................................................................. 10

        1.  The Private Factors ................................................................. 12

        2.  The Public Factors .................................................................. 18

V.  CONCLUSION ................................................................................................ 20

{00660248;v1 }

## TABLE OF AUTHORITIES

**Cases**

*ADE Corp. v. KLA-Tencor Corp.*, 138 F. Supp. 2d 565 (D. Del. 2001) .................................. 15, 16

*Advanta Corp. v. Visa U.S.A., Inc.*, No. 96-7940, 1997 WL 88906
   (E.D. Pa. Feb. 19, 1997) .................................................................................. 6

*Angiodynanics, Inc. v. Vascular Solutions, Inc.*, No. 09-554, 2010 WL 3037478
   (D. Del. July 30, 2010) .................................................................................. 11

*Autodesk Can. Co. v. Assimilate, Inc.*, No. 08-587, 2009 WL 3151026
   (D. Del. Sept. 29, 2009) .................................................................................. 20

*AVCO Corp. v. Marvel-Schebler Aircraft Carburetors, LLC*,
   No. 10-CV-2026, 2011 WL 484186 (M.D. Pa. Feb. 7, 2011) .............................................. 6, 8

*Baltimore Life Ins. Co. v. Floyd*, 91 A. 653 (Del. Super. Ct. 1914) .............................................. 3

*Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822 (3d Cir. 2011) .................................................. 9

*Blanning v. Tisch*, 378 F. Supp. 1058 (E.D. Pa. 1974) .................................................. 17

*Boston Scientific Corp. v. Johnson & Johnson Inc.*,
   532 F. Supp. 2d 648 (D. Del. 2008) .................................................................................. 6, 11

*Cont'l Cas. Co. v. Am. Home Assur. Co.*, 61 F. Supp. 2d 128 (D. Del. 1999) .......................... 12

*Corixa Corp. v. IDEC Pharm. Corp.*, No. Civ. A. 01-615, 2002 WL 265094
   (D. Del. Feb. 25, 2002) .................................................................................. 6

*Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925 (3d Cir. 1941) .................................................. 6

*E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969 (3d Cir. 1988) .................................................. 6, 7

*EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc.*,
   379 F. Supp. 2d 728 (E.D. Pa. 2005) .................................................................................. 14

*Fischer & Porter Co. v. Moorco Intern. Inc.*, 869 F. Supp. 323 (E.D. Pa. 1994) ........................ 7

*Grigsby v. Russell*, 222 U.S. 149 (1911) .................................................................................. 3

*In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009) .................................................. 14

*In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011) .......................................... 13

*In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973 (D. Del. 1993) .................................. 12

*Intellectual Ventures I LLC v. Altera Corp.*,
  842 F. Supp. 2d 744  (D. Del. 2012) ................................................................................ *passim*

*Jontri Transp. Co. v. N. Bank Dev. Co.*, No. Civ. A. 90-2372, 1990 WL 121511
  (E.D. Pa. Aug. 15, 1990) ................................................................................ 10

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) ........................................ 11

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 189 F.2d 31 (3d Cir. 1951) .............................. 19

*Koresko v. Nationwide Life Ins. Co.*, 403 F. Supp. 2d 394 (E.D. Pa. 2005) .............................. 10

*Lincoln Nat. Life Ins. Co. v. Joseph Schlanger 2006 Ins. Trust*,
  No. 09-506, 2010 WL 2898315 (D. Del. July 20, 2010) ........................................ 20

*Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349 (D. Del. 2009) ........................... 12, 15

*Medtronic, Inc. v. Boston Scientific Corp.*,
  587 F. Supp. 2d 648 (D. Del. 2008) ........................................................ 6, 11, 12

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*,
  77 F. Supp. 2d 505, 510 (D. Del. 1999) ........................................................ 16

*Metro. Life Ins. Co. v Kubichek*, 83 F. App'x 425 (3d Cir. 2003) .............................. 9

*Microsoft Corp. v. Geotag Inc.*, __ F. Supp. 2d __, 2012 WL 114128
  (D. Del. Jan. 13, 2012) ................................................................ 13

*Moore Corp. Ltd. v. Wallace Comp. Servs., Inc.*,
  898 F. Supp. 1089 (D. Del. 1995) ........................................................ 7

*Pfizer Inc. v. Sandoz Inc.*, No. 09-742, 2010 WL 256548 (D. Del. Jan. 20, 2010) .................. 6, 7

*PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*,
  28 A.3d 1059 (Del. 2011) .............................................................. 3, 19, 20

*Premier Payments Online, Inc. v. Payment Sys. Worldwide*,
  __ F. Supp. 2d __, 2012 WL 262680 (E.D. Pa. Jan. 27, 2012) .......................... 6

*Prudential Ins. Co. of Am. v. Rodano*, 493 F. Supp. 954 (E.D. Pa. 1980) .................... 10

*Robocast, Inc. v. Apple, Inc.*, No. 11-235, 2012 WL 628010 (D. Del. Feb. 24, 2012) .............. 12

*S. Constr. Co. v. Pickard*, 371 U.S. 57 (1962) .............................................. 9

*Shutte v. Armco Steel Corp.*, 431 F.2d 22 (3d Cir. 1970) .............................. 11, 12

*Southampton Sports Zone, Inc. v. ProBatter Sports, LLC*,
  No. Civ. A. 03-3185, 2003 WL 22358439 (E.D. Pa. Sept. 10, 2003)............................ 7, 10, 17

*Superior Precast, Inc. v. Safeco Ins. Co. of Am.*,
  71 F. Supp. 2d 438 (E.D. Pa. 1999) ........................................................................... 14

*Tessera, Inc. v. Sony Electronics, Inc.*, No. 10-838, 2012 WL 1107706
  (D. Del. March 30, 2012) ........................................................................................ 14, 16

*Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584 (D. Del. 2007) ........................... 6

*Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*,
  292 F.3d 384 (3d Cir. 2002) ..................................................................................... 8, 9

*Wacoh Co. v. Kionix Inc.*, 845 F. Supp. 2d 597 (D. Del. 2012) ........................................... 13, 20

*Warnock v. Davis*, 104 U.S. 775 (1881) .................................................................................. 3

*Xerox Corp. v. SCM Corp.*, 576 F.2d 1057 (3d Cir. 1978).......................................................... 8

*Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson*,
  No. Civ. A. 99-3508, 1999 WL 592399 (E.D. Pa. Aug. 5, 1999).................................... 7, 9, 10

## Statutes

18 DEL. C. § 2704 ............................................................................................................. 3, 20

28 U.S.C. § 1404.............................................................................................................. 10

## Rules

FED. R. CIV. P. 45(b)(2) ........................................................................................................ 17

{00660248;v1 }

The Pak Trust's motion to transfer venue rests entirely on the location of two <u>possible</u> witnesses <u>possibly</u> in California—neither of whom has been shown to be unavailable to testify at trial—and strained arguments about judicial economy.  The Pak Trust ignores entirely that two related cases are currently pending in this Court, that this case is governed by the first-filed doctrine—which is dispositive of this issue—and that the Pak Trust's claims in California are compulsory counterclaims that should—and indeed must—be asserted here.  None of the relevant factors favor transfer, and the Pak Trust has failed to make the strong showing necessary to disrupt PHL's choice of forum.  The Pak Trust is engaged in blatant forum shopping that should not be condoned.  Its motion should be denied.

## I.  NATURE AND STAGE OF THE PROCEEDINGS

On March 15, 2012, Plaintiff PHL Variable Life Insurance Company ("PHL") filed suit against Defendant The Chong Son Pak Life Insurance Trust ("the Pak Trust"), by and through its trustee, Wilmington Savings Fund Society ("WSFS").  (D.I. 1)  That same day, PHL filed two similar suits against two other life insurance trusts.[1]  All three cases are pending in this Court. WSFS is the trustee of all three defendant insurance trusts and the defendant in each case is represented by the same attorneys.  In each suit, PHL seeks a declaratory judgment that a life insurance policy issued to the defendant trust is void due to lack of insurable interest and as an illegal wagering contract.

Three months after commencement of this suit, and after the Pak Trust filed a motion to dismiss or strike one of PHL's claims for relief (D.I. 10),[2] the Pak Trust, represented by many of

---

[1] *See PHL Variable Life Ins. Co. v. The Edwin Fuld Life Insurance Trust*, by and through its trustee, *Wilmington Savings Fund Society, FSB*, Civil Action No. 1:12-CV-313-RGA (D. Del. March 15, 2012); *PHL Variable Ins. Co. v. The Virginia L. Lankow Life Ins. Trust*, by and through its Trustee, *Wilmington Savings Fund Society, FSB*, Civil Action No. 1:12-CV-315-RGA (D. Del. March 15, 2012).  This Court is also handling other cases involving similar issues as those here. *See PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*, No. 1:10-CV-964-RGA (D. Del. Nov. 10, 2010).

[2] The Court decided that motion on July 25, 2012 (D.I. 20).

the same attorneys representing it here, filed suit against PHL and its parent corporations, Phoenix Life Insurance Company and The Phoenix Companies, Inc. (collectively, the "Phoenix entities"), in federal court in the Central District of California.[3]  In that action, the Pak Trust seeks a declaratory judgment that its PHL policy is valid and asserts several related statutory and common law claims alleging broadly that the Phoenix entities have unlawfully sought and retained policy premiums with a "secret intent" to seek a judicial determination about the validity of policies suspected to be illegal STOLI policies.  The Phoenix entities have filed a Motion to Dismiss in the California action and, because of the pending cases in this Court and in the interests of judicial economy, a Motion to Transfer Venue to this district.

Despite the fact that this is a first-filed case in which the Pak Trust's claims in the California action should have been raised as compulsory counterclaims, and in spite of the presence of the two related cases in this Court, on July 24, 2012—shortly after learning that PHL would be filing a motion to transfer the California action to this Court—the Pak Trust filed the motion *sub judice* (D.I. 16), seeking transfer of this case to the Central District of California.

## II.  SUMMARY OF ARGUMENT

A.    <u>**Transfer is Inappropriate under the First-Filed Doctrine.**</u>  Because this case is properly before this Court, and as it was appropriately filed in this district well before commencement of the California action, this Court must decide it.

B.    <u>**The Pak Trust's Claims in the California Action are Compulsory Counterclaims that Should have been Filed Here.**</u>  Because the claims raised by the Pak Trust in the California action are "logically related" to PHL's claims in this lawsuit, they are compulsory counterclaims that must be asserted here.

---

[3] *See* Ex. A:  Complaint, *Wilmington Savings Fund Society, FSB,* as trustee for *John Doe Trust 1 v. PHL Variable Ins. Co.*, Civil Action No. 1:12-CV-4926 (C.D. Cal. June 5, 2012) (the "C.D. Cal. Compl.").

{00660248;v1 }

**C.** **The Pak Trust has Failed to Meet its "Heavy" Burden of Demonstrating that Transfer is Warranted.**   The Pak Trust's reliance on the presence of two potential witnesses outside the subpoena power of this Court is insufficient to show that the balance of conveniences is "strongly" in its favor, especially as transfer will not further—and will, in fact, undermine—interests in judicial economy.

### III.   STATEMENT OF FACTS

**A.** **STOLI Policies**

In recent years, a derivative market for life insurance has developed in which high-value life insurance policies are sought and purchased for re-sale to investors.  Compl. ¶¶ 7, 8.  These policies, known as "Stranger-Originated Life Insurance" ("STOLI") policies, have long been considered illegal "wagering" contracts on the lives of strangers, as beneficial returns require that the insured die before premium payments exceed the face value of the insurance policy.  *Id.* ¶¶ 8-10.  As such, these policies raise a variety of legal and public policy concerns and have been deemed illegal and void in most jurisdictions.  *See PHL Variable Ins. Co. v. Price Dawe 2006 Ins. Trust*, 28 A.3d 1059, 1075–76 (Del. 2011) (holding that Delaware's insurable interest requirement is substantive and must be strictly complied with and that insurance policies lacking insurable interest are void); *see also Grigsby v. Russell*, 222 U.S. 149, 154–55 (1911); *Warnock v. Davis*, 104 U.S. 775, 779 (1881); *Baltimore Life Ins. Co. v. Floyd*, 91 A. 653, 656 (Del. Super. Ct. 1914).

In an effort to prevent investors from speculating on the lives of others, most states, including Delaware, have enacted "insurable interest" laws intended to protect the integrity of life insurance by requiring that a policy owner have a cognizable interest in the life of the insured at the time the policy is issued.  Compl. ¶ 9; *see also* 18 DEL. C. § 2704.  STOLI investors have attempted to circumvent these laws by manipulating policy-related transactions to hide from

insurers that the policies are not being procured to satisfy legitimate insurance needs, but instead are being procured as impermissible investments.  As is the case with the Pak policy at issue here, in order to maximize their potential returns, STOLI investors will often misrepresent material facts concerning the prospective insured and the insurance transaction to induce the insurer to issue a policy on an individual who the STOLI investor believes has a shorter life expectancy than facts presented during the underwriting process would otherwise indicate. Compl. ¶ 11.  In addition, STOLI policies are typically procured through a life insurance trust, which creates the appearance that the policy is being issued for legitimate estate planning needs, but which also provides a vehicle for secretly and illicitly transferring beneficial interests in the trust (and therefore, in the policy) to investors lacking an insurable interest in the life of the insured.  *Id.* ¶ 12.

## B.    The Pak Trust

In March 2007, PHL received an application and associated paperwork for a high-value life insurance policy insuring the life of Chong Son Pak, represented to be a resident of Northridge, California.  Compl. ¶¶ 17, 21; *see also* Ex. B:  Pak Application & Statement of Client Intent.  The application was executed by Mr. Pak and by Brian Sullivan, in Delaware, as trustee for the Delaware-based Pak Trust, the purported owner and sole beneficiary of the applied-for policy.  Compl., ¶¶ 3, 17, 20.  Following execution of a Policy Acceptance Form and health statement by Mr. Pak and Mr. Sullivan in Delaware, the policy was issued in Delaware in May 2007.  *Id.* ¶ 23; *see also* Ex. C:  Policy Acceptance Form.  It is governed by Delaware law. Compl. ¶¶ 6, 23.  PHL subsequently learned that Mr. Pak and the Pak Trust, through its trustee, made wild misrepresentations about Mr. Pak's net worth, annual income, and purpose for obtaining the policy, and that the policy is an illegal STOLI policy.  *Id.* ¶¶ 19, 21, 25–27.  This suit followed.

{00660248;v1 }

C.      **The California Lawsuit**

In June 2012, the Pak Trust, along with 59 other Delaware-based life insurance trusts, each of which owns and is the beneficiary of a high-value life insurance policy issued by PHL, filed suit against the Phoenix entities in the Central District of California. *See* Ex. A: C.D. Cal. Compl., at ¶¶ 3, 67, 68. The current trustee for each of the California plaintiffs is Delaware-incorporated and -headquartered WSFS, to which all policy-related materials are sent. *Id.* ¶¶ 23, 81. Since each policy was issued, the beneficiary of each trust was transferred to an investor whose current identity and residence is undisclosed, no doubt intentionally. *Id.* ¶¶ 3, 80.

The majority of the California plaintiffs have not alleged any connection to the Central District of California and the facts alleged to support venue for the remaining plaintiffs are insufficient to establish that venue is proper in the Central District of California. Accordingly—and especially in light of the three currently-pending, first-filed cases in this Court—the Phoenix entities have filed a Motion to Transfer the California action to this judicial district.

## IV. ARGUMENT

A.      **Because this Case was Properly First-Filed in this Court, and Because the Pak Trust Improperly Filed a Subsequent Suit in California in an Effort to Forum Shop, the Case Must Remain in this Court.**

Notably absent from the Pak Trust's motion is any acknowledgement of well-settled law requiring that first-filed cases proceed in the plaintiff's chosen forum rather than be transferred to the forum of a later-filed action.[4] The Pak Trust cannot escape the unquestionable application of that law to these facts, which is dispositive of the Pak Trust's motion and demands denial of its

---

[4] The Pak Trust asserts in passing that the "first-filed" rule is not applicable where the second-filed case is "more comprehensive." Motion to Transfer, at 15. There is no support for this position, which is refuted by a long line of well-settled case law establishing the priority of first-filed cases and condemning forum shopping. (The cases cited by the Pak Trust are plainly distinguishable, as both involve complicated patent disputes where the transferee court had previously presided over cases involving the patents at issue and therefore had prior experience construing the claims. No such facts are present here.) The Pak Trust would have this Court disregard this law and approve a defendant's attempt to strip a plaintiff of its chosen forum by filing "more" claims in a new action in a different forum, rather than as counterclaims in the existing case. This Court should reject the Pak Trust's invitation.

{00660248;v1 }

request for transfer.

"The first-to-file rule is a princip[le] promoting sound administration and comity that was long ago adopted in the Third Circuit, and advises that, '[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it.'" *AVCO Corp. v. Marvel-Schebler Aircraft Carburetors, LLC*, No. 10-CV-2026, 2011 WL 484186, at *2 (M.D. Pa. Feb. 7, 2011) (quoting *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929 (3d Cir. 1941)); *see also Pfizer Inc. v. Sandoz Inc.*, No. 09-742, 2010 WL 256548, at *6 (D. Del. Jan. 20, 2010). The rule promotes judicial and litigant economy by avoiding "the waste involved in duplicative suits, and the delay in providing prompt administrative justice." *Time Warner Cable, Inc. v. GPNE Corp.*, 497 F. Supp. 2d 584, 588 (D. Del. 2007) (quoting *Advanta Corp. v. Visa U.S.A., Inc.*, No. 96-7940, 1997 WL 88906, at *2 (E.D. Pa. Feb. 19, 1997)). It is further intended to "prevent the judicial embarrassment of conflicting judgments" and ensures that litigants "have a single determination of their controversy, rather than several decisions which if they conflict may require separate appeals to different circuit courts of appeals." *Premier Payments Online, Inc. v. Payment Sys. Worldwide*, __ F. Supp. 2d __, 2012 WL 262680, at *5 (E.D. Pa. Jan. 27, 2012) (quoting *E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 972, 977 (3d Cir. 1988)); *Crosley Corp.*, 122 F.2d at 930. "The first to file rule does not require that the parties to each suit be identical, only that the issues be the same" such that "all disputes from common matters" are resolved in a single lawsuit. *Medtronic, Inc. v. Boston Scientific Corp.*, 587 F. Supp. 2d 648, 655 n.9 (D. Del. 2008) (citing *Time Warner Cable, Inc.*, 497 F. Supp. 2d at 589–90); *Corixa Corp. v. IDEC Pharm. Corp.*, No. Civ. A. 01-615, 2002 WL 265094, at *1 (D. Del. Feb. 25, 2002).

"Departures from the first-filed rule are 'rare' and the second action should proceed only in unusual or exceptional circumstances," such as when the second-filed action has "developed

further than the initial suit," and when "the first-filing party instituted suit in one forum in anticipation of the opposing party's imminent suit in another, less favorable, forum." *Southampton Sports Zone, Inc. v. ProBatter Sports, LLC*, No. Civ. A. 03-3185, 2003 WL 22358439, at *4 (E.D. Pa. Sept. 10, 2003) (quoting *E.E.O.C.*, 850 F.2d at 972, 979); *see also Pfizer Inc.*, 2010 WL 256548, at *6.  In that latter case, it is must be shown that the plaintiff's chosen forum for the first-filed action is wholly illogical and was chosen for the "sole reason" to forum shop.  *Zelenkofske Axelrod Consulting, L.L.C. v. Stevenson*, No. Civ. A. 99-3508, 1999 WL 592399, at *3 (E.D. Pa. Aug. 5, 1999) (citing *Moore Corp. Ltd. v. Wallace Comp. Servs., Inc.*, 898 F. Supp. 1089, 1099–1100 (D. Del. 1995); *Fischer & Porter Co. v. Moorco Intern. Inc.*, 869 F. Supp. 323, 325 (E.D. Pa. 1994)).

This forum is a logical and proper forum for PHL's action and there is no indication that PHL filed suit here in an effort to forum shop or in anticipation of the California action.  The Pak Trust is domiciled in this district, its original and current trustees are domiciled in this district, the application at issue was executed in this district, the policy was issued in this district, and the policy is governed by Delaware law.  Moreover, this case has already been subject to a motion to dismiss or strike claims and has proceeded further than the California action.

Indeed, it is the Pak Trust that is attempting to forum shop.  The Pak Trust's alleged connections to California are sparse, and it makes little sense for the Pak Trust to choose to litigate almost 3,000 miles from home.  *See Pfizer Inc.*, 2010 WL 256548, at *4; *Zelenkofske*, 1999 WL 592399, at **3–4.  Rather than pursuing its claims in connection with this case—as it must—the Pak Trust has chosen to concoct a purportedly "broader and more comprehensive" case in California in an attempt to strip PHL of its chosen forum and force litigation elsewhere.  In so doing, the Pak Trust has run afoul of the first-filed rule.  The Pak Trust cannot overcome

{00660248;v1 }

that this is a first-filed case that this Court "must" decide. *AVCO Corp.*, 2011 WL 484186, at *2. The Pak Trust's motion should be denied.

**B.    The Pak Trust's Claims in the California Action are Compulsory Counterclaims which Must be Asserted Here.**

"Although the scope of the first-filed rule is potentially broader than Rule 13(a), when Rule 13(a) is violated the first-filed rule will generally be implicated." *Zelenkofske*, 1999 WL 592399, at *2 n.1.  Federal Rule of Civil Procedure 13(a) provides that "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." "For a claim to qualify as a compulsory counterclaim, there need not be precise identity of issues and facts between the claim and the counterclaim; rather, the relevant inquiry is whether the counterclaim 'bears a logical relationship to an opposing party's claim.'"  *Premier Payments Online, Inc.*, 2012 WL 262680, at *7 (quoting *Transamerica Occidental Life Ins. Co. v. Aviation Office of Am., Inc.*, 292 F.3d 384, 389 (3d Cir. 2002)).  "[A] logical relationship between claims exists where separate trials on each of the claims would 'involve a substantial duplication of effort and time by the parties and the courts.'" *Transamerica Occidental Life Ins. Co.*, 292 F.3d at 389–90 (quoting *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978)).  "Such a duplication is likely to occur when claims involve the same factual issues, the same factual and legal issues, or are offshoots of the same basic controversy between the parties." *Id.* at 390.

Like the first- filed rule, "[t]he Rule is designed 'to achieve resolution in a single lawsuit of all disputes arising out of common matters'" and therefore "bars the initiation of a second suit based upon such a counterclaim." *Zelenkofske*, 1999 WL 592399, at *1 (quoting *S. Constr. Co.*

*v. Pickard*, 371 U.S. 57, 60 (1962) and collecting cases).  Because the policy underlying this rule is judicial economy, "the term 'transaction or occurrence' is construed generously to further this purpose."  *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 836 n.9 (3d Cir. 2011) (quoting *Transamerica Occidental Life Ins. Co.*, 292 F.3d at 389).

There can be no doubt that the Pak Trust's claims in the California action are logically related to PHL's claims in this case and, indeed, the Pak Trust admits as much.  *See* Motion to Transfer, at 2 ("Whether or not the policy PHL issued to the Pak Trust . . . is valid can and will be adjudicated as part of the comprehensive California action.").  Whether PHL must honor the Pak policy is a central question in both cases and the resolution of that issue will require discovery of the same documents, depositions of the same witnesses, and analysis of the same legal questions.  That the Pak Trust has raised additional claims in the California action does not change the fact that its additional claims are "offshoots" of the basic controversy between the parties:  namely, whether the Pak Trust policy is void as an illegal STOLI policy and whether, and to what extent, the parties have engaged in wrongdoing in connection with the placement and servicing of that policy.  *See, e.g.*, *Metro. Life Ins. Co. v Kubichek*, 83 F. App'x 425, 430–31 (3d Cir. 2003) (holding that a breach of fiduciary duty claim alleging wrongdoing in the placement of an insurance policy was a compulsory counterclaim to ERISA claims seeking to determine the proper beneficiary of life insurance proceeds); *Zelenkofske*, 1999 WL 592399, at *2 (holding that a conversion claim concerning misappropriation of certain business assets was a compulsory counterclaim to claims concerning the validity and enforceability of a non-compete agreement implicating the business assets).

As the Pak Trust concedes, "[t]here is no good reason to separately litigate" this case and the California action.  Motion to Transfer, at 2.  Because the claims raised by the Pak Trust in

{00660248;v1 }

California are compulsory counterclaims that must be filed here, transfer to California is unwarranted and inappropriate.  The Pak Trust's motion should be denied.

**C.      Notwithstanding that this First-Filed Case Must Proceed Here, Transfer to California would be Inconvenient and would Undermine the Interests in Judicial Economy.**

Putting aside the Pak Trust's failure to acknowledge—much less overcome—application of the first-filed and compulsory counterclaim rules, its arguments in favor of a § 1404 transfer are disingenuous and wholly insufficient to justify the relief sought.  This is especially so given the Pak Trust's complete disregard of the fact that even if its motion is granted, two related cases will remain in this Court, undermining all judicial economy arguments it advances.

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a).  In the ordinary case, the presence of pending, related cases in the transferee forum "is a substantial reason to grant a change of venue" since the possibility of consolidation of the matters can "eliminate any duplication of discovery and testimony." *Southampton Sports Zone, Inc.*, 2003 WL 22358439, at *5 (quoting *Prudential Ins. Co. of Am. v. Rodano*, 493 F. Supp. 954, 955 (E.D. Pa. 1980); *Jontri Transp. Co. v. N. Bank Dev. Co.*, No. Civ. A. 90-2372, 1990 WL 121511, at *2 (E.D. Pa. Aug. 15, 1990)).  It follows that where, as here, related cases were first-filed in this forum and pending, related cases will continue to be present in this forum even if transfer is granted, transfer is inappropriate and would undermine the interest in judicial economy that Section 1404 strives to promote.  *See Koresko v. Nationwide Life Ins. Co.*, 403 F. Supp. 2d 394, 404 (E.D. Pa. 2005); *Zelenkofske*, 1999 WL 592399, at *5.

In addition, in determining whether a case should be transferred, the court should assess various "private" and "public" factors.  The private factors to be considered include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claim arose; (4)

the convenience of the parties as indicated by their relative physical and financial conditions; (5) the convenience of the witnesses to the extent the witnesses may be unavailable in one of the fora; and (6) the location of necessary books and records.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).  The public factors include: (1) the enforceability of the judgment; (2) practical considerations that could expedite or simplify trial; (3) the administrative difficulty in each fora resulting from court congestions; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the courts of each fora with the applicable law.  *Id.* at 879–80.

While "there is no definitive formula or list of the factors to consider," the Third Circuit has "emphasized that 'the plaintiff's choice of venue should not be lightly disturbed.'" *Intellectual Ventures I LLC v. Altera Corp.*, 842 F. Supp. 2d 744, 750, 752 (D. Del. 2012) (quoting *Jumara*, 55 F.3d at 879).  "[T]ransfer is not to be liberally granted" and the "burden rests squarely on the party seeking transfer" to show that "the balance of conveniences of the parties is ***strongly*** in favor of defendant."  *Id.* at 750–51 (quoting *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970) (emphasis in original)); *Medtronic, Inc. v. Boston Scientific Corp.*, 587 F. Supp. 2d 648, 654 (D. Del. 2008); *Boston Scientific Corp. v. Johnson & Johnson Inc.*, 532 F. Supp. 2d 648, 654 (D. Del. 2008).  "[T]ransfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer."  *Angiodynanics, Inc. v. Vascular Solutions, Inc.*, No. 09-554, 2010 WL 3037478, at *2 (D. Del. July 30, 2010).

The Pak Trust has failed to meet its "heavy" burden of demonstrating that transfer is warranted.  *Intellectual Ventures I LLC*, 842 F. Supp. 2d at 750.  Its complete reliance on the presence of two possible witnesses in the Central District of California is wholly insufficient to justify transfer and its arguments regarding the remaining factors are misleading and

unpersuasive.  Its motion should be denied.

     **1.**     **The Private Factors**

Despite there being several private factors relevant to the transfer inquiry, the Pak Trust relies on only one: the alleged presence of two possible witnesses outside the subpoena power of this Court.  Given how many witnesses would be inconvenienced by a transfer, it is not the case that this factor even weighs in favor of transfer.  In any event, this single factor alone is wholly insufficient to justify transfer, especially as the remaining private factors all disfavor transfer.

*__PHL's Choice of Forum__.*  "It is black letter law that a plaintiff's choice of a proper forum is a paramount consideration in any determination of a transfer request, and that choice should not be lightly disturbed."  *Shutte*, 431 F.2d at 25.  While "[t]he movant's burden in overcoming the plaintiff's choice of forum is somewhat lessened where, as here, the plaintiff has not filed suit in its 'home turf,'" where there are "legitimate and rational" reasons for the plaintiff's choice to sue in Delaware, that choice is "entitled to, at minimum, 'significant deference'"—not "significantly less deference" as the Pak Trust contends—"and the burden remains at all times on the defendants to show that the balance of convenience and the interests of justice weigh strongly in favor of transfer."  *Intellectual Ventures I LLC*, 842 F. Supp. 2d at 754 (quoting *Mallinckrodt, Inc. v. E-Z-Em Inc.*, 670 F. Supp. 2d 349, 356 (D. Del. 2009)); *Medtronic Inc.*, 587 F. Supp. 2d at 655 (quoting *In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993)); *see also Robocast, Inc. v. Apple, Inc.*, No. 11-235, 2012 WL 628010, at *2 (D. Del. Feb. 24, 2012); *Cont'l Cas. Co. v. Am. Home Assur. Co.*, 61 F. Supp. 2d 128, 131 (D. Del. 1999).

The Pak Trust's reliance on *In re Link_A_Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011) is misplaced.  The Pak Trust cites this case to support its position that PHL's choice of

{00660248;v1 }

forum should be disregarded.  However, this Court has held that the decision does <u>not</u> stand for the proposition that a plaintiff's choice of forum is entitled to substantially less deference when the forum is not the plaintiff's home turf, but "as standing for the proposition that when the parties, all the witnesses, and all the evidence are in one distant jurisdiction, and the <u>only</u> connection to Delaware is that it is the state of incorporation of the defendant, and there is no other reason for the suit to be in Delaware, the suit must be transferred . . . ."  *Microsoft Corp. v. Geotag Inc.*, __ F. Supp. 2d __, 2012 WL 114128, at *6 (D. Del. Jan. 13, 2012) (emphasis added); *see also Wacoh Co. v. Kionix Inc.*, 845 F. Supp. 2d 597, HN5 (D. Del. 2012).[5]  That is not the case here.

PHL, as a licensed insurance company in the state of Delaware, has "chosen to avail [itself] of the rights, benefits, and obligations" of Delaware law by issuing policies in this state.  *See Intellectual Ventures I LLC*, 842 F. Supp. 2d at 754.  It is located in Connecticut—thousands of miles closer to Delaware than to California—and has sued a Delaware defendant in Delaware.  Relevant witnesses, including the original and current trustees of the Pak Trust, are located in Delaware; relevant documents are located in Delaware; alleged acts and omissions, including misrepresentations on the policy application, occurred in Delaware; and the policy at issue is a Delaware policy issued in Delaware and subject to Delaware law.  As these facts constitute "legitimate and rational" reasons for PHL's decision to bring suit here, and as suit was not brought <u>solely</u> because the Pak Trust is a Delaware entity, PHL's choice of forum is virtually dispositive of the Pak Trust's motion and should not be disturbed.

***The Pak Trust's Choice of Forum.***  "Under Third Circuit law, Defendant['s] preference for an alternative forum is not given the same weight as Plaintiff's preference" as "the purpose of

---

[5] This decision has not yet been paginated by Westlaw.  References are to the closest preceding headnote number.

a venue transfer is not to shift inconvenience from one party to another." *Intellectual Ventures I LLC*, 842 F. Supp. 2d at 755; *EVCO Tech. & Dev. Co. v. Precision Shooting Equip., Inc.*, 379 F. Supp. 2d 728, 730 (E.D. Pa. 2005) (citing *Superior Precast, Inc. v. Safeco Ins. Co. of Am.*, 71 F. Supp. 2d 438, 446 (E.D. Pa. 1999)); *see also Tessera, Inc. v. Sony Electronics, Inc.*, No. 10-838, 2012 WL 1107706, at *4 (D. Del. March 30, 2012). This is especially the case where, as here, the defendant is engaged in blatant forum shopping, foregoing the filing of counterclaims in the pending suit here only to file suit in another forum to seek transfer of this first-filed case without even addressing the narrow circumstances under which such a transfer is warranted. The Pak Trust's attempt to defeat proper venue in this forum and manufacture venue elsewhere should not be countenanced. This factor weighs against transfer.

      ***Where the Claim Arose*.** "[I]f there are significant connections between a particular venue and the events that gave rise to a suit, this factor should be weighed in that venue's favor." *Intellectual Ventures I LLC*, 842 F. Supp. 2d at 755 (quoting *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009)). Contrary to the Pak Trust's position that this factor is "at best neutral," this factor favors retention of this case in Delaware as there are significant alleged acts and omissions connected to, or occurring in, Delaware. PHL asserts that various misrepresentations were made in the procurement of the Pak policy by Mr. Pak <u>and</u> the original trustee of the Pak Trust, Delaware resident Brian Sullivan. To the extent these were made on the policy application, they were made by Mr. Sullivan in Delaware. To the extent they were made on the Policy Acceptance Form (which requires that all signatories confirm the veracity of statements made during the application process) and health statement, they were made by Mr. Sullivan <u>and</u> Mr. Pak in Delaware. Moreover, PHL alleges that the Pak policy is an illegal STOLI policy and that the Pak Trust was created to shield this illegality and mask the true

ownership of the policy in violation of Delaware law.  Transfers in beneficial interests in the Pak

Trust—which would occur in this district as the Pak Trust is a Delaware trust—also constitute

relevant connections between PHL's claims and this district.  Accordingly, the claim arose in

Delaware and should be litigated here.

**_Convenience of the Parties_**.  While the Third Circuit "stresses that convenience of the

parties is generally measured just by the parties' 'relative physical and financial condition,'"

where the party is a Delaware business entity that has "agree[d] to submit itself to the jurisdiction

of the courts of this state for the purposes of resolving" commercial disputes, it "must expect an

uphill climb in proving that it is, in any meaningful sense, 'inconvenient' to defend its actions" in

this forum.  *Intellectual Ventures I LLC*, 842 F. Supp. 2d at 756 (quoting *ADE Corp. v. KLA-*

*Tencor Corp.*, 138 F. Supp. 2d 565, 572 (D. Del. 2001)).  The Pak Trust is a Delaware trust with

a Delaware-incorporated trustee, WSFS.  Thus, far from being "neutral," as the Pak Trust

maintains, "absent some showing of a unique or unexpected burden"—which has not been made

here—this factor favors retention of this case in this court.  *ADE Corp.*, 138 F. Supp. 2d at 573.

Indeed, "when a corporation chooses to incorporate in Delaware and accept the benefits of

incorporating in Delaware, it cannot complain once another corporation brings suit against it in

Delaware."  *Mallinckrodt, Inc.*, 670 F. Supp. 2d at 357.

**_Convenience of the Witnesses_**.  The Pak Trust relies almost entirely on this factor in

support of its request for transfer, stressing that the presence of two potential witnesses who

might still be in California justifies transfer of this action to California.  The Pak Trust's position

is unsupported by law or fact.

Though the convenience of non-party witnesses is "often an important factor" in a

transfer analysis, this factor is far from dispositive.  *ADE Corp.*, 138 F. Supp. 2d at 569 (quoting

*Mentor Graphics Corp. v. Quickturn Design Sys., Inc.*, 77 F. Supp. 2d 505, 510 (D. Del. 1999)). As the Pak Trust concedes, this concern extends only to ensuring that a witness comes to Delaware to testify <u>at trial</u> and—contrary to the Pak Trust's assertion—merely identifying a witness outside the subpoena power of this Court is not enough to establish the requisite unavailability. *Intellectual Ventures I LLC*, 842 F. Supp. 2d at 757–58; *Tessera, Inc.*, 2012 WL 1107706, at *6 n.7 (rejecting that "unavailability of compulsory process on a non-party witness may establish unavailability at trial sufficient to support this factor").

As at least one court in this district has noted, the likelihood of a case proceeding all the way through litigation without settlement, surviving summary judgment, and actually going to trial is exceptionally low. *See Intellectual Ventures I LLC*, 842 F. Supp. at 757–58; *see also Tessera, Inc.*, 2012 WL 1107706, at *4. Nonetheless, "if this case turns out to be one of the statistically rare cases to go to trial," the Pak Trust assumes, without support, that Mr. Pak and Mr. Burke—the putative California-based witnesses—will have material, non-cumulative evidence, that they will be appropriate trial witnesses, <u>and</u> that they will refuse to appear at trial voluntarily. Delaware courts reject this assumption. *Intellectual Ventures I LLC*, 842 F. Supp. 2d at 578 ("Previous decisions in this court have suggested that the better approach is to recognize that witnesses have and will appear here without having to be subpoenaed." (quoting *ADE Corp.*, 138 F. Supp. 2d at 570)). Indeed, here, the Pak Trust states that Mr. Pak will almost certainly refuse to testify at trial given his lack of a present, direct interest in the Policy, but does not present evidence showing such a lack of interest. Indeed, given the nature of Phoenix's allegations, it would seem that Mr. Pak would have strong incentive to participate in this case to protect his reputation and to protect against potential future liability. *See, e.g.*, *Tessera, Inc.*, 2012 WL 1107706, at *6; *ADE Corp.*, 138 F. Supp. 2d at 570-71. Similarly, Mr. Burke, Mr.

{00660248;v1 }

Pak's insurance broker, received compensation for placing this policy and therefore has a strong incentive to ensure that the policy is deemed lawful and valid, as he would be obligated to return those commissions if the policy is found to be an unlawful STOLI policy. Regardless, "[e]very witness' deposition testimony can be compelled by some court." *Intellectual Ventures I LLC*, 842 F. Supp. at 757 (citing FED. R. CIV. P. 45(b)(2)). While deposition testimony is not a perfect substitute for live testimony, "it is a fallback that in almost all instances will prevent a miscarriage of justice." *Id.* at 758.

Moreover, the Pak Trust overlooks entirely the presence of a key witness—the original trustee, Brian Sullivan—who is located in Delaware and, hence, outside the subpoena power of California. The Pak Trust also overlooks the possibility that the actual party-in-interest—the undisclosed beneficiary of the Pak Trust—may be located outside the subpoena power of California. It is simply not the case, as the Pak Trust asserts, that "the only Delaware witness" is the trustee of the Pak Trust. Motion to Transfer, at 8.

Given that key witnesses may be outside the subpoena power of either of the courts asked to preside over this case, this factor does not "strongly" favor transfer. Indeed, where, as here, there is a pending first-filed case in this district, transfer is inappropriate <u>even if</u> the convenience of parties and witnesses would justify transfer. *See Southampton Sports Zone, Inc.*, 2003 WL 22358439, at *5 (citing *Blanning v. Tisch*, 378 F. Supp. 1058, 1061 (E.D. Pa. 1974)). Given the likelihood that this case will not go to trial and the concerns addressed by this factor will never come into play, the Pak Trust's reliance on it is misplaced and its arguments insufficient to meet its "heavy" burden to demonstrate that transfer is warranted.

**_Location of Books and Records._**  Given modern technology, "this factor is often not entitled to much weight." *Intellectual Ventures I LLC*, 842 F. Supp. 2d at 758–59. Nonetheless,

{00660248;v1 }

most relevant materials are undoubtedly located with the Pak Trust or PHL in or near Delaware. To the extent Mr. Pak or Mr. Burke possess records that are not also in the possession of the Pak Trust, they are subject to subpoena and can be easily gathered by any of the 75+ attorneys at the Pak Trust's counsel's Los Angeles office.[6]  This factor is, at best, neutral.

### 2.      The Public Factors

Except for advancing disingenuous arguments about judicial economy, the Pak Trust gives short shrift to the public factors, which, on balance, plainly favor litigation of this case in this Court.

*__Enforceability of the Judgment.__*  PHL agrees with the Pak Trust that enforceability of a judgment in this case will not hinge on the location of the court issuing it.  This factor is neutral.

*__Practical Considerations that Could Expedite or Simplify Trial.__*  Again ignoring the applicability of the first- filed doctrine, the Pak Trust insists that it should be permitted to strip PHL of its chosen forum by joining additional parties and filing an overlapping action in another, less convenient venue.  This attempt by the Pak Trust to manufacture "practical considerations" in favor of transfer should not be rewarded.  It is also undermined entirely by the presence of numerous analogous cases in this Court, including two identical cases that are pending, and which will remain, in this Court regardless of the outcome of the Pak Trust's motion—cases with no connection to California, for which venue in California cannot be established, and for which no motion for transfer has been filed.

The Pak Trust focuses on the presence of 59 additional parties in the California action as justification for transfer, but many—if not all—plaintiffs in that action have alleged no factors establishing that venue is proper in the Central District of California.  A motion to dismiss and a

---

[6] *See* Proskauer Rose LLP, *Offices*, http://www.proskauer.com/offices/ (last visited Aug. 9, 2012).

{00660248;v1 }

motion to transfer venue have been filed in the California action and it is far from certain that their cases can, or will, proceed in California. On the other hand, all parties can properly be brought before this Court for adjudication of their claims, eliminating concerns suggested by the Pak Trust that transfer is necessary because of concerns that one of the courts in the transfer equation cannot establish jurisdiction over a party. *See* Motion to Transfer, at 15 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 189 F.2d 31, 34 (3d Cir. 1951)).

The Pak Trust's "war" analogy is rank hyperbole that does nothing to overcome the legion of case law undercutting its motion. As this Court has before it—and will continue to have before it—several other cases that will require analysis of similar insurance transactions under the recent *Dawe* opinion, judicial economy will not be enhanced by transfer of this action to California.

**_Administrative Difficulties._**   In arguing that court congestion favors transfer, the Pak Trust focuses on a single statistic: the average time between filing and trial. However, this statistic means little in light of the fact that most cases do not actually go to trial. *See Intellectual Ventures I LLC*, 842 F. Supp. at 757 (noting that only 1.1% of all federal civil filings in the twelve-month period ending June 30, 2010, ended in trial). By contrast, based on the most recent statistics available, judges in this district handle approximately 100 fewer civil cases per year than judges in the Central District of California, suggesting that this factor disfavors transfer.[7]

**_Local Interests & Public Policy._**   The Pak Trust dismisses this factor, asserting that Delaware has no interest in the enforceability or validity of a life insurance policy issued on the life of a California resident. On the contrary, as this case involves important questions regarding the enforceability of STOLI policies—the validity of which are steeped in public policy

---

[7] *See* Table C: Federal Judicial Caseload Statistics 2011, *at* http://www.uscourts.gov/Viewer.aspx?doc=/uscourts /Statistics/FederalJudicialCaseloadStatistic/2011/tables/C00Mar11.pdf.

{00660248;v1 }

concerns—the public policy of Delaware is plainly implicated. Because the Pak policy was issued in Delaware to a Delaware statutory trust, Delaware insurable interest law governs the policy regardless of Mr. Pak's state of residence. *See* 18 DEL. C. § 2704 (g). The Delaware Supreme Court recently affirmed the paramount importance of enforcing Delaware's insurable interest requirement and Delaware's constitutional prohibition on wagering on human life. *See Dawe*, 28 A.3d at 1067–68. Moreover, "Delaware has a strong interest in adjudicating disputes among its corporate citizens" and "the public policy of Delaware encourages the use of by Delaware corporations of Delaware as a forum for resolution of business disputes." *Intellectual Ventures I LLC*, 842 F. Supp. 2d at 760 (quoting *Wacoh Co. v. Kionix Inc.*, 845 F. Supp. 2d at HN5); *see also Autodesk Can. Co. v. Assimilate, Inc.*, No. 08-587, 2009 WL 3151026, at *9 (D. Del. Sept. 29, 2009) ("Delaware clearly has substantial interest in addressing lawsuits brought against Delaware corporations."). This factor disfavors transfer.

**_Familiarity of the Court with Applicable Law._** Although the Pak Trust suggests that this case may be governed by California law, it offers no support for that position. This case involves the validity and enforceability of a Delaware life insurance policy and is subject to Delaware law. *See, e.g.*, *Lincoln Nat. Life Ins. Co. v. Joseph Schlanger 2006 Ins. Trust*, No. 09-506, 2010 WL 2898315, at *4 n.3 (D. Del. July 20, 2010); *see also* 18 DEL. C. § 2704(g). Especially given that this Court is being asked to interpret nearly identical policies in the several other STOLI cases currently before it, this factor favors litigation in this Court.

## V. CONCLUSION

The Pak Trust has failed to meet its burden to show that the balance of conveniences strongly favors transfer. For the reasons stated herein, PHL respectfully requests that the Pak Trust's Motion to Transfer Venue be denied.

{00660248;v1 }

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Richard D. Heins (I.D. #3000)
Tiffany Geyer Lydon (I.D. #3950)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
rheins@ashby-geddes.com
tlydon@ashby-geddes.com

*Attorneys for Plaintiff*
*PHL Variable Insurance Company*

*Of Counsel*:

Thomas F.A. Hetherington
Jarrett E. Ganer
EDISON, MCDOWELL & HETHERINGTON LLP
Phoenix Tower
3200 Southwest Freeway, Suite 2100
Houston, Texas 77027
(713) 337-5580

Dated: August 14, 2012

{00660248;v1 }